CANADY, C.J.,
dissenting.
This is Mr. Gordon’s case, and it is a ease in which Mr. Gordon’s life is at stake. I would not presume to impose postconviction appeal counsel on Mr. Gordon if he has made a knowing, informed, and voluntary choice to repudiate that counsel.
It is true that appellants in direct criminal appeals do not have the right to proceed pro se. But there is one very important difference between direct appeals and postconviction appeals: a remedy is available for the ineffective assistance of appellate counsel in direct appeals, but no such remedy is available with respect to post-conviction appellate counsel. Even if there is no constitutional right for a prisoner under sentence of death to proceed pro se in a postconviction appellate proceeding, I conclude that it is an unwise and unfair policy to saddle such a litigant with counsel against his wishes — particularly when the litigant is without any meaningful remedy for the ineffective assistance of counsel.
Accordingly, I would relinquish Gordon’s motion to the trial court to determine whether he has made a fully informed and voluntary waiver of counsel.
POLSTON, J., concurs.